**Marcelo Ramos MOTTA and the Society Ordo Templi Orientis, Plaintiffs,**

v.

**SAMUEL WEISER, INC., Defendant.**

**Civ. No. 81-0459-P.**

United States District Court, D. Maine.

April 9, 1986.

Daniel B. Stone, Ivins, Phillips & Barker, Washington, D.C., and Peggy L. McGehee, Perkins, Thompson, Hinckley & Keddy, Portland, Me., for plaintiffs.

James S. Erwin and James R. Erwin, Strater, Hancock & Erwin, York, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER OF COURT ON DEFENDANT'S MOTION FOR AWARD OF COSTS AND ATTORNEYS' FEES:

GENE CARTER, District Judge.

Presently before the Court is the Motion for Award of Costs and Attorneys' Fees to Defendant Samuel Weiser, Inc., pursuant to 17 U.S.C. § 505 (1976).[1]

This motion stems from the disposition of an underlying copyright and trademark infringement action brought against Defendant Samuel Weiser, Inc. ("Weiser") by Plaintiffs Marcelo Ramos Motta ("Motta") and The Society Ordo Templi Orientis ("SOTO"). In that original infringement action, the Court entered judgment in favor of Defendant. *Motta v. Samuel Weiser, Inc.,* 598 F.Supp. 941 (D.Me.1984). Plain-

---

1. In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505 (1976).

tiffs appealed, and the First Circuit affirmed the judgment of this Court. *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481 (1st Cir.1985). As the prevailing party in the underlying action, Defendant now seeks an award of attorneys' fees and costs under § 505.

In the previous infringement action, Plaintiffs alleged copyright ownership of the works of Aliester Crowley, an English mystic and the former leader of the cult known as Ordo Templi Orientis, and claimed infringement of such copyrights by Defendants. (For a more detailed discussion of the history of the Ordo Templi Orientis (OTO) and the succession of leaders to the cult, *see* Findings of Fact, *Motta v. Samuel Weiser, Inc.*, 598 F.Supp. at 943–947.)

This Court entered judgment in favor of Defendant on the infringement action, concluding that Plaintiffs failed to satisfy the requirement of ownership of the Crowley copyrights either in their individual capacities or as members of the OTO. Because Plaintiffs failed under 17 U.S.C. § 501(b) (1976)[2] to prove either legal or beneficial ownership of the Crowley copyrights, the Court did not find it necessary to rule upon the second prong of an infringement action, namely, the question whether actual copying occurred. *See Knickerbocker Toy Co. v. Azrak-Hamway International, Inc.*, 668 F.2d 699, 702 (2d Cir.1982).

■ While the Defendant clearly has prevailed within the meaning of § 505, courts generally have been more hesitant to award attorneys' fees to a victorious defendant than to a prevailing plaintiff. *Grosset & Dunlap, Inc. v. Gulf & Western Corp.*, 534 F.Supp. 606, 609 (S.D.N.Y.1982). Such an award to a defendant under § 505 will be granted if, in the court's discretion, it "finds plaintiff's suit to have been baseless, frivolous, unreasonable, or brought in

bad faith. *Id.* at 610 (citations omitted). *See also Jartech, Inc. v. Clancy*, 666 F.2d 403, 407 (9th Cir.1982) (award to a prevailing defendant under § 505 represents a "penalty" for the filing of frivolous or bad faith suits).

The Second Circuit has concisely outlined the distinction between § 505 awards to plaintiffs and those to defendants:

> Because Section 505 is intended in part to encourage the assertion of colorable copyright claims and to deter infringement, fees are generally awarded to prevailing plaintiffs. (Citations omitted.) Fees to a prevailing defendant should not be awarded *when the plaintiff's claim is colorable* since such awards would diminish the intended incentive to bring such claims. (Citations omitted.) When the plaintiff's claims are *objectively without arguable merit*, however, a prevailing defendant may recover attorney's fees under Section 505.

*Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984) (emphasis added).

■ As noted, this Court entered judgment in favor of Defendant in the infringement action based upon Plaintiff's failure to establish valid ownership rights in the copyrighted materials of Crowley. Nevertheless, such a judgment need not warrant the conclusion that Plaintiff's claims are without any arguable merit, particularly given the more rigorous standard applied by courts in evaluating a defendant's claims for attorney's fees under § 505.

This Court rejected the assertion of Motta that he possesses ownership rights in the Crowley copyrights by virtue of his asserted capacity as Outer Head of the OTO. Nevertheless, the evidence put forth by Plaintiffs on this point, while ultimately rejected, sufficed to establish a colorable claim to ownership under the more lenient

---

**2.** 17 U.S.C. § 501(b) (1976) reads in part:

The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of sections 205(d) and

411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.

standard accorded motions for defendant's attorney's fees. For instance, Plaintiff relied heavily upon a letter written to him by the widow of Karl Germer, the successor to Crowley, five days after Germer's death. (Plaintiffs' Exhibit 16(b).) In that letter, Germer's widow stated to Motta, "You are The Follower." Coupled with this exhibit was Motta's testimony on direct examination, in which he stated, "I am afraid that I must say that I am the Outer Head." Tr. at 119.

Plaintiff Motta introduced several other exhibits in support of his claim to be the successor to Crowley and Germer as Outer Head. While the Court ultimately rejected much of this evidence, and found unpersuasive his direct testimony and the letter from Mrs. Germer, Plaintiff nevertheless succeeded in asserting a colorable, nonfrivolous claim and did not act in bad faith in pursuing the action. *See Grosset & Dunlap v. Gulf & Western*, 534 F.Supp. at 610; *Jartech, Inc. v. Clancy*, 666 F.2d at 407. While conflicting claims were made at trial as to the actual successors to Crowley and Germer, Plaintiff succeeded in putting forth an arguable meritorious claim that his ownership rights in the Crowley copyrights stemmed from his capacity as successor to the position of Outer Head.[3]

Defendant also alleged nine legal deficiencies in Plaintiff's case. Defendant conceded, however, that the Court did not rule on any of these legal issues in disposing of the infringement action. Since such issues did not provide the basis for any aspect of the judgment in the infringement action, the Court will not now address them in assessing the reasonableness of Plaintiff's claim.

For the foregoing reasons, the Motion of Defendant Samuel Weiser, Inc. for Attorneys' Fees and Costs is hereby DENIED.

So ORDERED.

---

**3.** Plaintiffs also asserted ownership rights as members and representatives of OTO, able to enforce property rights as tenants in common. Because the Court concludes that Plaintiffs established a colorable and nonfrivolous claim that Motta succeeded Germer as Outer Head of OTO, it need not address this alternative ap-

proach by Plaintiffs for proving ownership of the copyrights.